# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

GREGORY LEE, AIS # 184070,      :

     Plaintiff,          :

vs.                  :    CIVIL ACTION 10-00476-KD-B

WARDEN DAVENPORT, *et al.*,     :

     Respondents.        :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama inmate proceeding *pro se*, initiated the instant § 1983 action by filing a Complaint and a Motion to Proceed without Prepayment of Fees (Docs. 1, 2). This action was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). For the reasons set forth below, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

On August 30, 2010, Plaintiff, a previously adjudicated "three striker," filed his action alleging violations under 42 U.S.C. § 1983 against Defendants, Warden Davenport, COI McCorvey, Lt. Givens, Warden Miles, Capt. Etheridge, and Capt. Smith. (Doc. 1 at 1). Plaintiff's Complaint was not accompanied by the $350.00 statutory filing fee. Therefore, Plaintiff's

action is subject to immediate dismissal unless the Court finds that he is entitled to proceed *in forma pauperis* notwithstanding his status as a "three striker".

To make that determination, the Court turns to Title 28 U.S.C. § 1915(g), which prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances. It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Under § 1915(g), "if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*." <u>Doss v. Henry</u>, 2008 WL 5231863, *1 (N.D. Fla. Dec. 12, 2008) (unpublished). "The only exception to this is if the prisoner alleges he is 'under imminent danger of serious physical injury.'" <u>Id.</u> (citing 28 U.S.C. § 1915(g); <u>Brown v. Johnson</u>, 387 F.3d 1344 (11th Cir. 2004); <u>Rivera v. Allin</u>, 144 F.3d 719, 723 (11th Cir. 1998)).

As noted supra, Plaintiff filed the present § 1983 action while he was an Alabama prison inmate and sought leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 (Doc. 2). A review of the Court's docket reflects that in the action styled Lee v. McKinnison, 08-00257-CG-M (S.D. Ala. Feb. 27, 2009), the District Court determined that the action was due to be dismissed because six of Plaintiff's prior actions had been dismissed as frivolous or malicious or for failure to state a claim upon which relief could be granted, namely, Lee v. Aycock*,* CA 97-1806-UWC-TMP (N.D. Ala. Apr. 10, 1998); Lee v. Haley, *et al.*, CA 00-0985-MHT-VPM (M.D. Ala. Sept. 8, 2000); Lee v. Haley, *et al.*, CA 02-1343-WHA-VPM (M.D. Ala. Jan. 29, 2003); Lee v. Holt, et al., CA 03-1055-ID-VPM (M.D. Ala. Dec. 16, 2003); Lee v. Smith, et al., CA 03-1237-SLBTMP(N.D. Ala. Apr. 20, 2006); and Lee v. Campbell, et al., CA 03-1812-IPJ-TMP (N.D. Ala. May 1, 2006).[1]

---

[1] In addition to these dismissals, Public Access to the Courts Electronic Records ("PACER") reflects that twenty-seven of Plaintiff's complaints have been dismissed pursuant to § 1915(g) because he did not pay the filing fee when he initiated those actions. PACER's records also show that Plaintiff has filed more than sixty actions under his name or under the name of Gregory Keith Lee. Presently, plaintiff has eight § 1983 actions, including the instant case, pending in the three federal district courts of Alabama. Given the sheer number of actions which Plaintiff has filed, it is incredulous that in response to a question on the form complaint that seeks information about other lawsuits, Plaintiff responded that he has not filed any other lawsuits related to his imprisonment. (Doc. 1 at 3).

As noted supra, as a "three striker," Plaintiff was required to pay the $350.00 filing fee when he initiated this action or suffer the dismissal of his action unless he comes within the exception provided in 28 U.S.C. § 1915(g). Vanderberg v. Donaldson, 259 F.3d 1321, 1324-25 (11th Cir. 2002), *cert. denied*, 535 U.S. 976, 122 S.Ct. 1449, 152 L.Ed.2d. 391 (2002). Despite the fact that upon filing the instant Complaint, Plaintiff was fully aware, by virtue of the Court's prior ruling in Lee v. McKinnison, *et al.*, that 1915(g) will generally be applied to his actions, he has not proffered any facts which suggest that he comes within the "imminent danger" exception provided in 28 U.S.C. § 1915(g). In his Complaint, Plaintiff alleges that Defendants have been "tampering with [his] legal papers." (Doc. 1 at 4). Specifically, Plaintiff alleges that:

> Officer McCorvey at Fountain Correctional Facility came in and took my legal paper work at 7:45 p.m.. Lt. Givens told him to get it on 2nd shift. The Warden also told [Officer McCorvey] to get it, also the Captain Smith told him to get it. The supervisors and officers [have] been tampering with my legal papers[.] [T]hey are violating my rights. . .

(Doc. 1 at 4).

Assuming *arguendo* that Plaintiff's factual allegations regarding the confiscation of his legal papers are true, there is no suggestion, let alone allegation, that Plaintiff was "under imminent danger of serious physical injury" at the time

he filed the present Complaint, or that an "imminent danger of serious physical injury" is ongoing. In fact, Plaintiff has not alleged any conduct which could result in a physical injury. Thus, Plaintiff is not entitled to avoid the bar of § 1915(g) and is not allowed to proceed *in forma pauperis* in this action. 28 U.S.C. § 1915(g). *See* Brown v. Johnson, 387 F.3d at 1349 (the "Eleventh Circuit[] [has] determined that a prisoner must allege a present imminent danger, . . . under section 1915(g). . . ."); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (Plaintiff could not proceed under § 1915(g) because he failed to allege "that he was in imminent danger of serious physical injury at the time he filed his Complaint or that he was in jeopardy of any ongoing danger.").

As noted above, "[i]n this Circuit, a prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice." Doss v. Henry, 2008 WL 5231863, *2 (N.D. Fla. Dec. 12, 2008). See also Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The prisoner cannot simply pay the filing fee after being denied in forma pauperis status [pursuant to the three strikes provision of § 1915(g)]. He must pay the filing fee at the time he initiates the suit.").

Because Plaintiff did not pay the $350.00 filing fee at the

time that he filed the instant action and because he has failed to meet the "under imminent danger of serious physical injury" exception provided in § 1915(g), this action is due to be dismissed without prejudice. Accordingly, it is recommended that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) be denied, and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this **5th** day of **October, 2010.**

_____**/s/ SONJA F. BIVINS**_____
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).


3.    **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                    **/S/ Sonja F. Bivins**
                    **UNITED STATES MAGISTRATE JUDGE**